Stewart D. Cables (*pro hac vice*)
Bar Number: CO 38583
Attorney for Defendant
Hassan + Cables, LLC
1035 Pearl Street, Suite 200
Boulder, CO 80302
Phone No.: (303) 625-1025
Email: stewart@hassancables.com

Elena M. Quattrone
Bar Number: 5487608
Attorney for Defendant
Epstein Becker & Green, P.C.
875 Third Avenue
New York, NY 10022
Telephone: (212) 351-4685
Email: equattrone@ebglaw.com

*Attorneys for Defendant Kyle Offringa*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No. 1:24-cr-124 (MAD) |
| | ) | |
| **v.** | ) | **Defendant Kyle Offringa's** |
| | ) | **Motion for Extension of Time to Pay Fine** |
| **KYLE OFFRINGA,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

Kyle Offringa, through his counsel, Hassan + Cables, LLC, respectfully files this motion for an extension of time to pay the remaining balance of the fine imposed pursuant to the Judgment in a Criminal Case entered herein on March 20, 2025. In support of this motion, Mr. Offringa states as follows:

1) Defense counsel has conferred with the Government regarding the relief requested in this motion and this motion is unopposed.

2) On September 17, 2024, Defendant pled guilty to Count I of the Indictment, Conspiracy to Violate the Clean Air Act, in violation of 18 U.S.C. § 371. Plea Agreement, ECF 31 at 1 (N.D.N.Y. Sep. 17, 2024).

3) The object of this conspiracy was to tamper with and render inaccurate monitoring devices and methods required to be maintained and followed under Title 42, United States Code, Chapter 85, in violation of 42 U.S.C. § 7413(c)(2)(C). Presentence Investigation Report, ECF 42 at 6 (N.D.N.Y Feb. 10, 2025).

4) On March 20, 2025, this Court sentenced Defendant and entered its Judgment, which included the imposition of a fine in the amount of $100,000, due and payable immediately if the Defendant had the means to do so ("Judgment"). Judgment, ECF 50 at 3-4 (N.D.N.Y. March 26, 2025). If Defendant did not have the means to do so, any remaining balance is due within 1 year of the entry of judgment in this case, which due date falls on March 20, 2026. *Id*.

5) To date, Defendant has paid and remitted half of the fine, and the remaining $50,000 of the fine, plus a special assessment of $100, is due and payable by March 20, 2026.

6) On January 22, 2026, the Office of the Deputy Attorney General ("ODAG") issued a memorandum to all sitting United States Attorneys stating that the Government no longer considers Clean Air Act Tampering to be criminal conduct ("ODAG Memo"). While a copy of the ODAG Memo is not yet publicly available, several cases nationwide have been dismissed in their entirety, including but not limited to:

a. *U.S. v. Tracy Coiteux*, Case No. 3:21-cr-05184-BHS (W.D. Wa.). In *Coiteux*, the USAO moved to dismiss with prejudice one count of conspiracy to violate the CAA and eleven substantive tampering counts. Ms. Coiteux's convictions were on appeal to the Ninth Circuit, which the USAO also moved to dismiss.

b. A ten-defendant indictment filed in the Northern District of Texas, Dallas Division. *See U.S. v. Waddell et. al.*, No. 3:2024CR00136 (N.D. Texas (Dallas) January 23, 2026) (ECF No. 144). In this case, the Judge went as far as to *sua sponte* dismiss tampering charges after the government failed to include that defendant when dismissing charges for co-defendants facing the same charge. *See U.S. v. Phillip Dwain Waddell*, Case No. 3:24-cr-00136-S (N.D. Tx.).

c. *U.S. v. Matthew Hussey*, Case No. 1:25-cr-00535-ECM-JTA (M.D. Al.). In *Hussey*, the U.S. Attorney's Office for the Middle District of Alabama moved to dismiss, with prejudice, its case against Matthew Hussey for CAA tampering. The government noted in its motion that the USAO "does not intend any future charges and submits this matter should be closed." *See U.S. v. Matthew Hussey*, Case No. 1:25-cr-00535-ECM-JTA (M.D. Al.).

7) Clean Air Act Tampering includes conduct involving defeat devices, which was the object of the conspiracy for which the Defendant was charged and subsequently pled guilty. In light of the ODAG Memo and the Department of Justice's new charging policies regarding the conduct forming the basis of the charge to which the Defendant pled guilty, Defendant is evaluating his options with regard to the Court's Judgment herein.

8) Defendant's counsel contacted Benjamin S. Clark, Assistant U.S. Attorney, Northern District of New York, to inquire if the Government would oppose a motion to vacate the Judgment filed by the Defendant. Mr. Clark responded that he did not have a position or answer at this time, as this situation is not covered by the guidance his office has received from Main Justice. Mr. Clark represented to Defendant's counsel that it would take some time for him to be able to provide the Government's position on the proposed motion to vacate the Judgment.

9) In consideration thereof, Defendant hereby moves the Court to enter an order extending the deadline by which the Defendant has to pay the remaining $50,000 balance of the fine for a period of 6 months, to September 20, 2026.

10) Good cause exists for the extension as Defendant is currently awaiting the Government's position on his proposed motion to vacate the Judgment, which position may not be determined or offered by the Government prior to the current deadline for Defendant to pay the remaining balance of the fine. This extension will preserve the status quo while the Government determines how it wishes to proceed with regard to the motion to vacate.

11) Additionally, Mr. Clark has represented that the Government does not oppose the relief the requested herein and the Government does not intend to pursue the Defendant's payment of the remainder of the fine at this time.

WHEREFORE, Defendant respectfully requests that the Court enter an order to extend the deadline by which Defendant has to pay the balance of the fine imposed in connection with the Judgment to September 20, 2026.

SO MOVED February 24, 2026

Respectfully submitted,

*/s/ Elena M. Quattrone*
Elena M. Quattrone
Bar Number: 5487608
Attorney for Defendant
Epstein Becker & Green, P.C.
875 Third Avenue
New York, NY 10022
Telephone: (212) 351-4685
Email: equattrone@ebglaw.com

*/s/ Stewart D. Cables*
Stewart D. Cables (*pro hac vice*)
Bar Number: CO 38583
Attorney for Defendant

Hassan + Cables, LLC
1035 Pearl Street, Suite 200
Boulder, CO 80302
Phone No.: (303) 625-1025
Email: stewart@hassancables.com

*Attorneys for Defendant Kyle Offringa*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 24th day of February, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to all of the attorneys that have appeared in this case and have registered with the CM-ECF System.

EXECUTED this 24th day of February, 2026.

By: */s/ Elena M. Quattrone*
Elena M. Quattrone
Bar Number: 5487608